IN RE:                                                          CASE NO.: 14-12177
    SHAWNA K. CHELETTE
    DEBTOR                                                    CHAPTER 13

MOTION TO LIFT THE AUTOMATIC STAY PURSUANT TO 11 USC §362(d)
AND TO TERMINATE THE CO-DEBTOR STAY OF 11 USC §1301
OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION
NOTICE OF HEARING AND RESPONSE DEADLINE

A hearing has been set on JULY 11, 2017 at 1:30 o'clock p.m. at the United States Courthouse, Courtroom Four, 300 Fannin Street, Shreveport, Louisiana 71101 which will be held IF AND ONLY IF an answer, objection or opposition to the motion is filed with the clerk's office and mailed to the movant's counsel within seventeen (17) days of the mailing date shown herein (the "RESPONSE DEADLINE").

21st Mortgage Corporation has filed papers with the court to terminate or modify the automatic stay pursuant to 11 USC §362(d) and the co-debtor stay of 11 USC §1301 as to Waymon Chelette II. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you do not want the court to grant the relief sought in the motion, then **on or before JULY 3, 2017 (RESPONSE DEADLINE),** you must file with the court a written response explaining your position by mailing your response by regular U. S. Mail to Clerk, United States Bankruptcy Court, 300 Fannin Street, Shreveport, Louisiana, 71101, OR your attorney must file a response using the court's ECF system.

The court must receive your response on or before the RESPONSE DEADLINE set above.

You must also send a copy of your response either by (1) the court's ECF system or by (2) regular U. S. Mail to the following:

Karen Trevathan                          Todd Johns
Attorney for Mover                       Chapter 13 Trustee
8235 YMCA Plaza Drive, Suite 400         P. O. Box 1770
Baton Rouge, LA 70810                    Shreveport, LA 71166

**IF YOU OR YOUR ATTORNEY DO NOT TAKE THESE STEPS, THE COURT MAY DECIDE THAT YOU DO NOT OPPOSE THE RELIEF SOUGHT IN THE MOTION AND MAY ENTER AN ORDER GRANTING THAT RELIEF WITHOUT FURTHER HEARING OR NOTICE.**

NOW INTO COURT, through undersigned counsel, comes 21st Mortgage Corporation, a party in interest in the above-captioned case, which with respect represents:

1.     A petition for relief under Chapter 13 of Title 11, United States Code, was filed by the above referenced debtor(s) on September 4, 2014.

2.     Mover is a party in interest and this court has jurisdiction of this contested matter under 28 U.S.C. Section 1334 and 28 U.S.C. Section 157(b)(2)(G).

3.     Prior to the filing of the petition, 21st Century Mortgage Corporation financed on behalf of the Debtor and Waymon Chelette II the acquisition of certain property, described as follows:

> 1997 Oak Creek mobile home bearing serial number OCO59710262A and OCO59710262B, immobilized onto and including Lot 45, Quiet Country, a subdivision in Caddo Parish, as per plat thereof recorded in Conveyance Book 2300, Pages 13 and 15, records of Caddo parish.

as evidenced by the attached Promissory Note which was signed by the Debtor(s) on March 20, 1997.  On January 25, 2001, 21st Century Mortgage Corporation underwent a corporate name change and is now known as 21st Mortgage Corporation, as evidenced by the attached Certificate of Amendment to Certificate of Incorporation.

4.     In order to further secure the debt, Debtor and Waymon Chelette granted a mortgage upon certain immovable property in favor of 21st Century Mortgage Corporation.  Perfection of the mortgage is evidenced by a mortgage duly recorded on March 21, 1997 at original/book 2602, bundle/page 563, Instrument 1551668.  Mover annexes hereto a copy of the Retail Installment Contract, Promissory Note, and the mortgage as Exhibits A, B, and C, respectively.

5.     The Chapter 13 plan provides that the Debtor shall make each post-petition regular monthly installment payment directly to Mover.

6.     The Debtor has failed to make certain payments when due in accordance with the terms of the note and mortgage.   Attached to the retail installment contract is a Biweekly Payment Rider. Mover has not received the last 4 biweekly payments from Debtor due on April 28,2017, May 12, 2017, May 26, 2017 and June 9, 2017 for a total past due amount of $1731.06.  The post-petition payment history is attached hereto.

7.     The reasonable market value of the property described herein, in average condition, is less than the current payoff of $68,670.53.  The value is asserted by 21st Mortgage to calculated as follows: The manufactured home value for the 1997 Oak Creek home is currently $19,697.44 in excellent condition as determined by the NADA guide (attached). This value is likely to be high, because a 20 year old mobile home is not likely to be in *excellent* condition.   At the time of the

loan in 1997, the real estate was valued at $17,500 as determined by the appraisal attached hereto. In order for the collateral to be valued at $80,000 as set forth on the debtor's schedules, the land would have had to have appreciated from $17,500 to $60,000. 21st Mortgage Corporation avers that the value of the land and home together is between $30,000 and $50,000. Also attached is a page from a local realtor with a sale price of $30,000 in 2014 for a 1997 mobile home with land, in this neighborhood (Quiet Country Subdivision).

8.      As a party in interest, 21st Mortgage Corporation requests, after notice and an opportunity for objection, that this Honorable Court grant relief from the automatic stay under 11 U.S.C. Section 362(d), by terminating the stay for all reasons alleged hereinabove which Mover avers constitutes cause.

9.      21st Mortgage Corporation also desires to terminate the co-debtor stay of 11 USC §1301 as to Waymon Chelette II.

10.     In the alternative, Mover seeks adequate protection payments sufficient to cure all arrearages and an order providing for payment of attorney fees for bringing this motion and further ordering that any future default shall entitle Mover to immediately lift the automatic stay upon presentation of an affidavit attesting to said default.

        WHEREFORE, 21st Mortgage Corporation requests that, after notice and opportunity for objection, the automatic stay be lifted to allow Mover to proceed against such property and the co-debtor stay be terminated as to Waymon Chelette II; in the alternative, 21st Mortgage Corporation prays for adequate protection of its security interest.

By Attorneys:

TREVATHAN LAW FIRM, APLC

/s/Karen E. Trevathan
Karen E. Trevathan #21919
8235 YMCA Plaza Drive, Suite 400
Baton Rouge, LA 70810
[225] 334-9222

## CERTIFICATE OF SERVICE

        I, the undersigned, certify that I have served a copy of the "Motion to Lift the Automatic Stay Pursuant to 11 USC §362(d) or, Alternatively, for Adequate Protection and Notice of Hearing and Response Deadline" by placing the copies in the U.S. Postal System with proper postage affixed, to the following parties at the postal addresses indicated below, or electronically served via the email addresses appearing below, as indicated:

L. Laban Levy
Counsel for Debtor(s)
318-868-2600

Todd Johns
Trustee
ecf@shrevech13.com

U. S. Trustee
USTPRegion05.SH.ECF@usdoj.gov

Shawna K. Chelette
4970 Quiet Acres Road
Shreveport, LA  71107

Waymon Chelette II
4970 Quiet Acres Road
Shreveport, LA 71107
and 4875 Larry Lane, Shreveport LA 71107

The notice, motion and exhibits were served on  June 16, 2017.

/s/Karen E. Trevathan
Karen E. Trevathan #21919